# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 3:16-00163-1 |
| | ) Judge Aleta A. Trauger |
| BRITTAN EZEKIEL KETTLES. | ) |
| | ) |

## MEMORANDUM & ORDER

Pending before the court is a Motion to Dismiss the Indictment (Docket No. 108) filed by the defendant, Brittan Ezekiel Kettles, to which the United States has filed a Response (Docket No. 121), and the defendant has filed a Reply (Docket No. 127). With leave of the court, the defendant has also filed a Supplemental Memorandum (Docket No. 135) in support of the motion, to which the United States has filed a Response (Docket No. 142). For the reasons discussed herein, the motion will be denied.

## BACKGROUND

On August 10, 2016, Kettles was indicted by a federal grand jury on two counts of violating federal laws prohibiting sex trafficking. (Docket No. 32.) In Count One of the Indictment, Kettles is charged with violating 18 U.S.C. §§ 1591(a)(1) and 1594(c) by "knowingly conspir[ing]" with his co-defendant, Stormy Whittemore, to "recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate and foreign commerce, . . . a minor . . . , knowing and in reckless disregard of the fact that [the minor] had not attained the age of 18 years and . . . would be caused to engage in a commercial sex act." (*Id.*) In Count Two, Kettles is charged with violating 18 U.S.C. §§ 1591(a)(1) and 1591(b)(1) by "knowingly" recruiting, enticing, harboring, transporting, providing, obtaining, and maintaining "by any means, in and affecting interstate and foreign commerce, . . . a minor . . . , knowing and

1

in reckless disregard of the fact that [the minor] had not attained the age of 14 years and . . . would be caused to engage in a commercial sex act." (*Id.*) Both counts allege that the violations occurred "[b]eginning in and around June 16, 2016, and continuing through on or about June 19, 2016, within the Middle District of Tennessee, and elsewhere." (*Id.*)

On March 7, 2017, Kettles filed a Motion to Dismiss the Indictment on the grounds that "the underlying substantive offense, 18 U.S.C. § 1591(a), is unconstitutionally vague, overbroad and ambiguous[,] and his prosecution under it and the conspiracy count violates his due process rights under the U.S. Constitution." (Docket No. 108, p. 1.) The challenged section provides for the punishment of any person who knowingly undertakes certain conduct related to sex trafficking – including recruiting, transporting, or enticing an individual – knowing that the trafficked individual "has not attained the age of 18 years and *will be caused* to engage in a commercial sex act." 18 U.S.C. § 1591(a) (emphasis added). In his motion, Kettles argues that the statute's use of the passive voice – "will be caused" – renders it too vague or ambiguous to provide sufficient notice of the conduct it prohibits, because it "makes it unclear who is causing the commercial sex act." (Docket No. 108, pp. 3–4.) Moreover, Kettles contends, "the evidence will show that he was merely present while his co-defendant Whittemore solicited and directed the alleged victim to engage in commercial sex," conduct that should not be criminal but that, "according to the expansive view of [§ 1591(a)] advanced by the Government," would be subject to prosecution. (*Id.* at pp. 5–6.) For these reasons, Kettles requests that the court apply the rule of lenity and dismiss the charges against him.

On March 21, 2017, the government filed a Response in opposition to the Kettles' motion (Docket No. 121), accompanied by a report containing text messages extracted from the minor victim's cell phone (Docket No. 121-1) and a disc containing a recording of Kettles' post-

2

*Miranda* interview with law enforcement (Docket No. 121-2).  In the Response, the government notes that federal courts have consistently found that § 1591(a) provides defendants with "fair notice" of the conduct that it proscribes as criminal, though none of these courts has been presented with a constitutional challenge to the statute's use of the phrase "will be caused." (Docket No. 121, pp. 2–4 (citing *United States v. Mozie*, 752 F.3d 1271, 1281–83 (11th Cir. 2014) (rejecting challenge to § 1591(a)'s use of the phrase "reckless disregard" as unconstitutionally vague and ambiguous)).)  Moreover, the government argues that substantial evidence – including text messages sent from the minor victim to both defendants and admissions made by Kettles during his interview with law enforcement – demonstrates that Kettles engaged in specific culpable acts and was not, as he argues, "merely present" while his co-defendant engaged in sex trafficking of a minor.  (*Id.* at pp. 3–4.)  Finally, the government argues that a "plain reading" of § 1591(a) shows that the statute is not ambiguous but, rather, clearly proscribes "participat[ion] in the prostitution of a thirteen-year-old minor victim" and, therefore, the rule of lenity does not apply.  (*Id.* at pp. 4–5.)

On March 24, 2017, Kettles filed – under seal – a Reply in support of his motion, in which he primarily "disputes that the SMS Extraction Report attached to the Government's Response . . . defeats his Motion to Dismiss."  (Docket No. 127, p. 1.)  In the Reply, Kettles describes a number of the text messages found in that report and argues that their content demonstrates that he was "not involved at all" in trafficking the minor victim.  (*Id.* at pp. 2–4.)

After obtaining leave from the court, Kettles filed – under seal – a Supplemental Memorandum in support of the pending motion, in which he argues that (1) no credible evidence in the record establishes that he knew the alleged victim was a minor, and (2) based on the recorded statement of his co-defendant, Whittemore, he faces a "prejudicial and constructive

3

amendment and variance of the Indictment at trial in this case because the Government's evidence substantially diverges from the charges set forth in the Indictment." (Docket No. 135.) The government filed a Response to the Supplemental Memorandum, in which it argues that specific portions of Kettles' interview with law enforcement demonstrate that he knew the victim to be a minor and that Whittemore's recorded statement does *not* diverge from the charges set forth in the Indictment, as Kettles argues it does. (Docket No. 142.)

## **LEGAL STANDARD**

A motion to dismiss the indictment is governed by Rule 12 of the Federal Rules of Criminal Procedure, which states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b). The Sixth Circuit guides district courts to "dispose of all motions before trial if they are capable of determination without trial of the general issue." *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). A defense raised in a motion to dismiss the indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Id.* at 665 (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). On a motion to dismiss the indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the [i]ndictment is 'valid on its face.'" *United States v. Campbell*, No. 02-80863, 2006 WL 897436, at *2 (E.D. Mich. Apr. 6, 2006) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). Accordingly, the court must resolve factual issues in this case, such as they exist, in favor of the allegations in the indictment.

## **ANALYSIS**

Kettles has been charged with offenses that involve the sex trafficking of a minor

pursuant to 18 U.S.C. § 1591(a), which provides as follows:

> Whoever knowingly--
>
> (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person;
>
> . . .
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and *will be caused* to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a) (emphasis added). Kettles argues that the statute's use of the phrase "will be caused" renders its prohibition "unconstitutionally vague, overbroad and ambiguous" and that his prosecution pursuant to the statute violates his right to due process, as secured by the Fifth Amendment. (Docket No. 108, p. 1.)

Generally, a penal statute is void for vagueness – and thereby unconstitutional – if it fails to "define [a] criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Coss*, 677 F.3d 278, 289 (6th Cir. 2012) (quoting *Gonzales v. Carhart*, 550 U.S. 124, 148–49 (2007)). As the Sixth Circuit has explained, "[a] challenge based on a statute's purported vagueness must be considered on 'an as-applied basis' so long as the statute does not involve First Amendment rights." *United States v. Maslenjak*, 821 F.3d 675, 695 (6th Cir. 2016) (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2580 (2015) (Thomas, J., concurring)). Kettles has not argued that § 1591(a) infringes on his First Amendment rights and, therefore, he is required to prove that "the statute was misleading 'as applied to his particular case." *United States v. Lechner*, 806 F.3d 869, 875 (6th Cir. 2015) (quoting *United States v.*

5

*Kernell*, 667 F.3d 746, 750 (6th Cir. 2012)). According to Kettles, "the evidence will show that he was merely present while his co-defendant Whittemore solicited and directed the alleged victim to engage in commercial sex," and he "merely allegedly permitted a motel room to be in his name or allegedly drove his comrades around." (Docket No. 108, pp. 5–6.) Kettles argues that the language of § 1591(a) failed to place him on notice that such conduct would be considered criminal under the statute, and his prosecution based on that conduct is, therefore, a violation of his right to due process. (*Id.*) According to the government, however, the evidence demonstrates that Kettles had an "active role" in the offense, and his conduct is, therefore, clearly within the statute's prohibition on trafficking activity. (Docket No. 121, pp. 1–3.)

In light of these arguments, Kettles' as-applied challenge to § 1591(a) is premature. In order for the court to determine whether § 1591(a) was misleading as applied to Kettles' particular case, the court must first know the nature and extent of the conduct supporting the charges against him. The parties have presented differing accounts of Kettles' role in the trafficking offense, supported by citations to various pieces of the evidence in the record and challenges to the weight and admissibility of the evidence presented by the other side. In considering Kettles' motion to dismiss the indictment, however, the court cannot make any determinations regarding the facts underlying the offense or the credibility of the victim or Kettles' co-defendant; those determinations must be left for the jury. *Jones*, 542 F.2d at 664 (stating that a motion to dismiss the indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense"). The court cannot determine the nature and extent of Kettles' conduct in this case and, therefore, also cannot determine whether § 1591(a) is void for vagueness as applied to that conduct. *See, e.g.*, *United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL

*Kernell*, 667 F.3d 746, 750 (6th Cir. 2012)). According to Kettles, "the evidence will show that he was merely present while his co-defendant Whittemore solicited and directed the alleged victim to engage in commercial sex," and he "merely allegedly permitted a motel room to be in his name or allegedly drove his comrades around." (Docket No. 108, pp. 5–6.) Kettles argues that the language of § 1591(a) failed to place him on notice that such conduct would be considered criminal under the statute, and his prosecution based on that conduct is, therefore, a violation of his right to due process. (*Id.*) According to the government, however, the evidence demonstrates that Kettles had an "active role" in the offense, and his conduct is, therefore, clearly within the statute's prohibition on trafficking activity. (Docket No. 121, pp. 1–3.)

In light of these arguments, Kettles' as-applied challenge to § 1591(a) is premature. In order for the court to determine whether § 1591(a) was misleading as applied to Kettles' particular case, the court must first know the nature and extent of the conduct supporting the charges against him. The parties have presented differing accounts of Kettles' role in the trafficking offense, supported by citations to various pieces of the evidence in the record and challenges to the weight and admissibility of the evidence presented by the other side. In considering Kettles' motion to dismiss the indictment, however, the court cannot make any determinations regarding the facts underlying the offense or the credibility of the victim or Kettles' co-defendant; those determinations must be left for the jury. *Jones*, 542 F.2d at 664 (stating that a motion to dismiss the indictment is "capable of determination if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense"). The court cannot determine the nature and extent of Kettles' conduct in this case and, therefore, also cannot determine whether § 1591(a) is void for vagueness as applied to that conduct. *See, e.g.*, *United States v. Coffman*, No. 09-CR-181-KKC, 2010 WL

4510976, at *2 (E.D. Ky. Nov. 1, 2010) ("[T]he Court finds that it cannot determine whether the money laundering statutes are void for vagueness as applied to the Defendant until the Government puts on its case-in-chief. Thus, the Court will deny as premature the Defendant's argument that the money laundering statutes are void for vagueness."). Kettles' as-applied challenge to § 1591(a) is, therefore, prematurely raised, though he may, of course, renew this argument following the presentation of evidence at trial.

Kettles appears to also raise a facial challenge to § 1591(a) by pointing to the Sixth Circuit's interpretation of the phrase "will be caused" as "indicat[ing] that a sex act does not have to occur to satisfy the elements of the child-sex-trafficking offense." *United States v. Willoughby*, 742 F.3d 229, 241 (6th Cir. 2014) (quoting *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013) ("To conclude otherwise erases the meaning of 'will be' from the statutory text."). According to the Sixth Circuit, an offense under § 1541(a) is "complete" when the defendant engages in specific trafficking conduct "with the requisite knowledge" that a minor will be engaged in a commercial sex act, "and not at the moment of penetration." *Id.* Kettles argues that this formulation of the offense "directly contradict[s] the plain meaning of the act which states otherwise," rendering § 1591(a) unconstitutionally vague. (Docket No. 108, p. 2.) Because he has not challenged § 1591(a) as infringing on his First Amendment rights, Kettles is not entitled to raise a facial challenge to the statute. *Maslenjak*, 821 F.3d at 695 (quoting *Johnson*, 135 S. Ct. at 2580). Even if he were entitled to raise such a challenge, however, he has not convinced the court that the statute is "impermissibly vague in all of its applications," as he must in order to prevail on that challenge. *Id.* The court does not find there to be any inconsistency between § 1591(a)'s use of the phrase "will be caused" and the Sixth Circuit's interpretation of the statute to prohibit a defendant from engaging in trafficking conduct

7

with the knowledge that a minor will be engaged in a commercial sex act, regardless of whether that sex act ever occurs. Nor has Kettles submitted any authority that convinces this court that the statute's plain language fails to provide a person of ordinary intelligence with fair notice of what the statute prohibits or encourages arbitrary and discriminatory enforcement.

Kettles' argument that he now faces a "prejudicial and constructive amendment and variance of the Indictment" – first raised in his Supplemental Memorandum – is similarly premature. (Docket No. 135, p. 3.) As Kettles himself acknowledges, a constructive amendment "results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." (*Id.* (quoting *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005)).) A variance "occurs when the charging terms [of the indictment] are unchanged, but the evidence at trial proves facts materially different from those alleged in the indictment." (*Id.* at p. 4 (quoting *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008)).) No trial has occurred on the charges against Kettles, and his speculation regarding the government's intended proof – based on portions of a statement made by his co-defendant – does not support the conclusion that the government intends to alter the terms of the indictment or prove facts materially different from those alleged in the indictment. At this stage in the proceedings, the court cannot determine whether Kettles faces a prejudicial and constructive amendment and variance of the Indictment, and such a determination is better left until the government has presented its evidence at trial, should Kettles choose to renew his argument at that time.

With regard to Kettles' argument that no credible evidence in the record establishes that he knew the alleged victim was a minor, such an argument is not properly presented in a motion

to dismiss an indictment. An indictment that is valid on its face – and Kettles has advanced no argument that the Indictment against him is facially invalid – may not be dismissed on the ground it is based on inadequate or insufficient evidence. *United States v. Williams*, 504 U.S. 36, 54 (1992). Rule 12(b)(1) of the Federal Rules of Criminal Procedure, which cautions the trial judge that she may consider on a motion to dismiss the indictment only those objections that are "capable of determination without the trial of the general issue," indicates that evidentiary questions should not be determined on such a motion. *United States v. Knox*, 396 U.S. 77, 83 n.7 (1969). In short, "a motion to dismiss should be denied if it requires" – as does Kettles' motion – "a pretrial test of the government's evidence." *United States v. Jones*, No. 1:05-132, 2006 WL 399234, at *1 (E.D. Tenn. Feb. 16, 2006).

Upon review of the pending motion, the court finds that all of Kettles' grounds for dismissing the Indictment are either prematurely or incorrectly raised in a motion to dismiss the indictment brought pursuant to Federal Rule of Criminal Procedure 12. Accordingly, the court will deny Kettles' motion, with the denial being without prejudice to Kettles' renewing these arguments following the presentation of evidence at trial.

## CONCLUSION

For the reasons discussed herein, the Motion to Dismiss Indictment filed by the defendant (Docket No. 108) is **DENIED**.

It is so **ORDERED**.

Enter this 15th day of May 2017.

_____
ALETA A. TRAUGER
United States District Judge