# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) |
| **v.** | ) Case No. 3:16-00163-1 |
| | ) Judge Aleta A. Trauger |
| **BRITTAN EZEKIAL KETTLES.** | ) |

## MEMORANDUM & ORDER

Pending before the court is a Second Motion to Dismiss (Docket No. 157) filed by the defendant, Brittan Ezekial Kettles, to which the government has filed a Response in opposition (Docket No. 177). For the reasons discussed herein, the motion will be denied.

## BACKGROUND

On August 10, 2016, Kettles was indicted by a federal grand jury, along with co-defendant Stormy Whittemore, on two counts of violating 18 U.S.C. §§ 1951 and 1954, which prohibit sex trafficking. The § 1951 charges were brought under subsection (a)(1), which reads as follows:

> **(a) Whoever knowingly—**
>
> > (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
> > …
>
> > knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and **will be caused** to engage in a commercial sex act, shall be

> punished as provided in subsection (b) (emphasis added).

The indictment, consistent with the Sixth Circuit's Pattern Jury Instruction 16.12, slightly alters the verb tense of part of the statute. *See* Pattern Crim. Jury Instr. 6th Cir. 16.12 (2016 ed.). The indictment reads in relevant part as follows:

> Beginning in and around June 16, 2016, and continuing through on or about June 19, 2016, within the Middle District of Tennessee, and elsewhere, defendants BRITTAN EZEKIEL KETTLES, a/k/a Low Low, and STORMY WHITTEMORE, knowingly conspired with each other and others, known and unknown to the Grand Jury, to recruit, entice, harbor, transport, provide, obtain, and maintain by any means, in and affecting interstate and foreign commerce, person "A," a minor whose identity is known to the Grand Jury, knowing and in reckless disregard of the fact that "A" had not attained the age of 18 years and that "A" **would be caused** to engage in a commercial sex act, In violation of Title 18, United States Code, Sections 1591(a)(1) . . . (emphasis added).

On July 27, 2017, Kettles filed a Second Motion to Dismiss. Kettles contends that the minor difference between the language in the indictment and the language in the governing statute—"would be caused" vs. "will be caused"— offends his due process rights because the government failed to charge him with the offense as stated in the statute and therefore did not provide him with fair notice of the charges against him. He argues that "would" connotes conditionality in a way that "will" does not, and, thus, the government's use of "would" instead of "will" lowers the prosecutorial burden of proving guilt.

## **LEGAL STANDARD**

An indictment is constitutionally sufficient "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Sixth Circuit has

acknowledged the "historic drift away from the rules of technical and formalized pleading [which] culminated in Federal Rule of Criminal Procedure 52(a), which provides that [a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *United States v. Lentsch*, 369 F.3d 948, 953 (6th Cir. 2004) (internal quotations omitted).

## **ANALYSIS**

The indictment against Kettles sufficiently contains the elements of the offenses charged, informs Kettles of the charges against him, and does not affect his substantial rights. The court is unpersuaded by Kettles' contention that the use of "would" instead of "will" alters the burden of proving guilt. The verb "would," as used by the government, raises no additional implications of conditionality. Rather, it is employed in the same manner and with the same effect as the verb "will" in § 1951(a)(1)—it connotes a future expectation. Unlike § 1951(a)(1), the indictment necessarily addresses past conduct. This requires a change in verb tense for simple purposes of syntax. The government's use of "would" is nothing more than a reconciliation of a statute worded in the present tense and an indictment that must be worded in the past tense. This reading comports with the plain meaning of the word "would" and its primary definitions: the first listing in the Webster's Unabridged Dictionary defines "would" as the past tense and past participle form of "will"; the second listing as "used to express the future in past sentences." *See Would, Random House Webster's Unabridged Dictionary* (2nd Edition 1998). The indictment uses "would" to express Kettles' past understanding—at the time of the conduct alleged in the indictment—of a future expectation: the victim being caused to engage in a commercial sex act. The indictment thus contains the elements of § 1951(a)(1) with which he was charged and gives

3

him full notice of the charges he faces. Because "would" as used in the indictment means the same thing as "will" as used in the statute,[1] Kettles' rights have not been affected in any way.

Even if the court were to accept Kettles' argument that "would" is conditional in a way that "will" is not, the Sixth Circuit has held that the future tense of § 1951(a)(1) "does not require knowledge in the sense of certainty as to a future act." *Unitd States v. Tutstone*, 525 F. App'x 298, 304 (6th Cir. 2013) (internal citation omitted). The only requirement is that "the defendant must know of an established modus operandi that will in the future cause a person to engage in prostitution." *Id*. (internal citation omitted). Therefore, even if the government's use of "would" in the indictment indicates some level of knowledge below certainty with regard to Kettles' understanding of what would happen to the victim, Kettles' alleged conduct remains proscribed by § 1951(a)(1). In this event, "would" would not affect Kettles' due process rights.

## CONCLUSION

For the foregoing reasons, the defendant's Second Motion to Dismiss (Docket No. 157) is hereby **DENIED**.

It is so **ORDERED**.

Enter this 9th day of August 2017.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] Kettles' own exhibits undercut his theory that "the use of 'would' implies a conditional verb and the use of 'will' implies a verb of certainty." *See* Ex. 5 p.2 ("Interestingly, will is often induced in conditional statements as well.").